# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>GEORGE MORTON BOLLING, JR.,<br><br>    Debtor. | CASE NO.    19-51037<br><br>CHAPTER 13<br><br>ECF No.    27 |

### Appearances

| | |
|---|---|
| George Morton Bolling, Jr. | *Pro se Debtor* |
| Roberta Napolitano<br>10 Columbus Boulevard<br>6th Floor<br>Hartford, CT 06106 | *Chapter 13 Trustee* |
| Linda St. Pierre<br>McCalla Raymer Leibert Pierce, LLC<br>50 Weston Street<br>Hartford, CT 06120 | *Attorney for HSBC Bank USA* |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION TO DISMISS WITH PREJUDICE

Julie A. Manning, Chief United States Bankruptcy Judge

**I.    Introduction**

George Morton Bolling, Jr. (the "Debtor"), proceeding *pro se*, commenced this case by filing a Chapter 13 petition on August 2, 2019. The Debtor filed his Chapter 13 Plan on August 13, 2019. On October 8, 2019, the Chapter 13 Trustee (the "Trustee") moved to dismiss this case with prejudice under 11 U.S.C. §§ 1307 and 349(a) (the "Trustee's Motion to Dismiss"). On October 13, 2016, the Trustee filed an objection to the confirmation of the Debtor's Chapter 13 Plan. After the Trustee's Motion to Dismiss was filed and after the Trustee objected to

confirmation of the Debtor's Chapter 13 Plan, the Debtor filed a motion to withdraw his case, which the Court deems to be the Debtor's Motion to Dismiss his Chapter 13 case pursuant to 11 U.S.C. § 1307(b) (the Debtor's Motion to Dismiss"). ECF. No. 27.

On November 14, 2019, the Court held a hearing on the confirmation of the Debtor's Chapter 13 Plan, the Trustee's Motion to Dismiss, and the Debtor's Motion to Dismiss. The Debtor did not appear at the November 14th hearing. During the hearing, counsel for the Chapter 13 Trustee requested that if the Debtor's Motion to Dismiss is granted, dismissal should be with prejudice to refiling because the Debtor's serial filings amounted to repetitive abuse of the bankruptcy process.[1] At the conclusion of the hearing, the Court took all three matters under advisement.

On November 15, 2019, HSBC Bank USA filed a Motion for Relief from Stay seeking, among other things, *in rem* relief. HSBC Bank USA also objected to confirmation of the Debtor's Chapter 13 Plan. For the reasons that follow, the Court grants the Debtor's Motion to Dismiss, but conditions the dismissal with prejudice. All other pending matters in the Debtor's case are now moot due to the dismissal of the case.

**II.    Absolute right of dismissal under 11 U.S.C. § 1307(b)**

Pursuant to 11 U.S.C. § 1307(b), "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." A Chapter 13 debtor's right to voluntarily dismiss his case, when that case has not been converted from another chapter, is absolute. *See* 8 Collier on Bankruptcy, ¶1307.03, p. 1307–8 - 1307–9 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) (explaining that 1307(b) "serves the critical purpose of ensuring that chapter 13 remains a voluntary

---

[1] The Debtor has filed eleven bankruptcy cases since 2007. *See* ECF No. 7.

2

proceeding, and that a debtor who initially files a chapter 13 case cannot be forced to remain in a repayment proceeding or required to proceed under chapter 7 if the debtor chooses not to continue the case."). The United States Court of Appeals for the Second Circuit has described section 1307(b) as "unambiguously requir[ing] that if a debtor 'at any time' moves to dismiss a case that has not previously been converted, the court 'shall' dismiss the action." *In re Barbieri*, 199 F.3d 616, 619 (2d Cir. 1999). The word "shall," the *Barbieri* court explained, "is mandatory and leaves no room for the exercise of discretion." *Id.*

In *Barbieri*, the Second Circuit addressed the bankruptcy court's denial of the debtor's motion to dismiss his voluntarily-filed Chapter 13 petition and its decision to instead, *sua sponte*, convert the debtor's case to a Chapter 7 case. The Second Circuit reversed the bankruptcy court, holding that "a debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicitly stated in that provision." *Id.* In this case, the Debtor's Chapter 13 case is not one that has previously been converted from another chapter. Therefore, the Court must grant the Debtor's Motion to Dismiss under section 1307(b).

### III. Dismissal with prejudice and/or to prevent an abuse of process

"Section 349(a) of the Bankruptcy Code establishes a general rule that dismissal of a bankruptcy case is without prejudice, but at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except

as provided in section 109(g) of this title." 11 U.S.C. § 349. Therefore, "if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662.

In addition to the express authority set forth in section 349, section 105(a) of the Bankruptcy Code provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307–11 - 1307–12 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

Though the Debtor has an absolute right to voluntarily dismiss his Chapter 13 case, the Court "can impose conditions and sanctions in the dismissal order." *In re Greenberg*, 200 B.R. 763, 768 (Bankr. S.D.N.Y. 1996). The *Barbieri* court recognized that "[f]aced with individual debtors filing and dismissing multiple Chapter 13 petitions in order to take advantage repeatedly of the Code's automatic stay provisions, some courts have imposed conditions upon future filing when granting these debtors' motions to dismiss." *Barbieri*, 199 F.3d at 662, n.8. (citing *In re Greenberg,* 200 B.R. at 770). While the Second Circuit in *Barbieri* took "no position on whether such conditions are permissible or whether they infringe on a debtor's absolute right to dismiss Chapter 13 petitions voluntarily," it did note "such conditions, if permissible, would serve as an additional powerful tool in preventing abuse." *Id.*

Furthermore, in the case of *In re Procel*, 467 B.R. 297, 305, 308-09 (S.D.N.Y. 2012), the United States District Court for the Southern District of New York found that the bankruptcy court contravened *Barbieri* by granting the United States Trustee's motion to convert to Chapter

7 notwithstanding the debtor's motion to dismiss. The District Court remanded the case "to allow the Bankruptcy Court to determine what other sanctions or conditions to impose in relation to [the debtor's] § 1307(b) dismissal." *Id.* at 309.

Therefore, a court may, under certain circumstances such as the ones present here, impose conditions on dismissal of a Chapter 13 case without infringing on the Debtor's absolute right to dismiss under section 1307(b). Specifically, courts can impose conditions on a dismissal order to protect against further abuses of the bankruptcy process under section 349(a) where cause exists, and under section 105(a) to prevent an abuse of process. *See Greenberg*, 200 B.R. at 767; *Procel*, 467 B.R. at 309.

### IV. Facts supporting dismissal with prejudice

Cause exists to dismiss the Debtor's case with prejudice to refiling for a two-year period. The facts demonstrate that the Debtor's multiple bankruptcy filings were for the sole intent of frustrating two foreclosure proceedings initiated against him in Connecticut Superior Court and not for any genuine bankruptcy purpose.

### The HSBC State Court Foreclosure Action

On January 2, 2007, HSBC Bank initiated a foreclosure proceeding against the Debtor in Connecticut Superior Court. *HSBC Bank v. Bolling, George*, FBT-CV07-6000669-S (the "HSBC State Court Foreclosure Action"). A Judgment of Strict Foreclosure entered against the Debtor in the HSBC State Court Foreclosure Action on July 6, 2010. Since that date, the Debtor has engaged in a series of bankruptcy filings related to law days set in the HSBC State Court Foreclosure Action.[2]

---

[2] The Court also notes that the Debtor filed a bankruptcy petition within months of the commencement of the HSBC State Court Foreclosure Action: the Debtor filed case 07-50272 on

| Date of Law Day | Date of Bankruptcy Filing | Bankruptcy Case Number |
|---|---|---|
| August 31, 2010 | July 12, 2010 | 10-51640 |
| January 10, 2012 | January 9, 2012 | 12-50031[3] |
| November 13, 2012 | October 8, 2012 | 12-51826[4] |
| December 12, 2015 | November 4, 2015 | 15-51551 |

### The U.S. Bank State Court Foreclosure Action

On June 23, 2008, U.S. Bank initiated a foreclosure proceeding against the Debtor in Connecticut Superior Court.  *U.S. Bank v. Bolling, George*, FBT-CV08-5016819-S (the "U.S. Bank State Court Foreclosure Action").  A Judgment of Strict Foreclosure entered against the Debtor in the U.S. Bank State Court Foreclosure Action on September 28, 2009.  Since that time, the Debtor has engaged in a pattern of bankruptcy filings in relation to the law days set in the U.S. Bank State Court Foreclosure Action.

| Date of Law Day | Date of Bankruptcy Filing | Bankruptcy Case Number |
|---|---|---|
| February 17, 2015 | January 22, 2015 | 15-50096 |
| November 24, 2015 | November 4, 2015 | 15-51551 |
| April 11, 2017 | April 4, 2017 | 17-50376 |
| December 11, 2018 | July 12, 2018 | 18-50879 |
| December 4, 2018 | December 3, 2018 | 18-51571 |
| August 6, 2019 | August 2, 2019 | 19-51037 |

---

May 16, 2007.  In addition, on February 2, 2009, the Debtor filed case 09-50272; on January 28, 2009, HSBC's Motion for Default was granted in the HSBC State Court Foreclosure Action.

[3] Case 12-50031 was dismissed with prejudice on May 21, 2012.  The dismissal order barred the Debtor from filing a Chapter 13 case for a one-year period.

[4] Case 12-51826, a Chapter 11 case, was dismissed with prejudice on January 3, 2013.  The dismissal order barred the Debtor from filing a Chapter 11 case for a two-year period.

The pattern of the bankruptcy filings in both the HSBC State Court Foreclosure Action and the U.S. Bank State Court Foreclosure Action close in time to scheduled law days compels the conclusion the Debtor's bankruptcy cases were filed to stay the progression of the foreclosure proceedings.

**The Debtor's failure to perform the duties of a debtor and
to demonstrate a legitimate bankruptcy purpose**

In addition to frustrating the efforts of creditors by filing eleven bankruptcy cases since 2007, the Debtor's previous filings indicate a lack of a legitimate bankruptcy purpose.  As noted above, two of the Debtor's prior cases were dismissed with prejudice and with a bar to refiling.  Further, in bankruptcy cases 18-52572 and 18-50879, the Debtor attended the Section 341 Meeting of Creditors but failed to provide the Trustee with requested documents.  In both of those cases, the Section 341 Meeting was continued, and in both of those cases, the Debtor failed to appear at the continued Section 341 Meeting.  In bankruptcy case 17-50376, the Debtor did not pay the filing fee required for amending his schedules, ECF No. 66, and the case was dismissed for failure to file a third amended plan, ECF No. 84.  An examination of the most recent of Debtor's previous bankruptcy filings display that the Debtor consistently does not perform the duties of a debtor required under 11 U.S.C. § 521.

Furthermore, the present case does not appear to have a legitimate bankruptcy objective.  At the time of the filing of this case, the Debtor had another case pending but dismissed within the previous year.  In accordance with section 362(c)(3), the automatic stay terminated on the thirtieth day after filing the Debtor's petition.  *See* 11 U.S.C. § 362(c)(3).  Although the Bankruptcy Code allows a debtor to file a motion to continue the automatic stay beyond the initial thirty days of the case, the Debtor failed to do so here.  Also, the Debtor's proposed plan does not conform to the proofs of claim filed because it does not provide for payments to address

mortgage arrearages. ECF No. 14. In addition, the Debtor did not appear at the Section 341 Meeting scheduled for September 20, 2019 and did not appear at the continued Section 341 Meeting on October 11, 2019. ECF Nos. 21, 24. Finally, despite being on notice of the possibility his case would be dismissed with prejudice, the Debtor did not respond to the Trustee's Motion to Dismiss and did not attend the November 14th hearing on that motion.

In all, there is ample evidence that the Debtor has filed successive bankruptcy petitions to stay the running of the law day in the HSBC and U.S. Bank State Court Foreclosure Actions and not for any bankruptcy purpose. The Court can readily conclude that the Debtor has not demonstrated good faith by filing this Chapter 13 case, and that dismissal of this case should be with prejudice and conditioned on a two-year bar to filing.

**V.    Conclusion**

Even though a debtor has an absolute right to voluntarily dismiss a Chapter 13 case that has not yet been converted under section 1307(b), "[t]his does not mean that the debtor can use the commencement and voluntary withdrawal of [his] chapter 13 case as a tactic to harass and frustrate [his] legitimate creditors. Hence, the voluntary dismissal is not the safety valve that it may appear to be, and the court can impose conditions to protect against further abuse." *Greenberg*, 200 B.R. at 767.

Accordingly, it is hereby

**ORDERED:** The Debtor's Motion to Dismiss pursuant to 11 U.S.C. § 1307(b) is GRANTED, but with prejudice pursuant to 11 U.S.C. §§ 349 and 105, as cause exists to impose conditions on the dismissal to prevent an abuse of process; and it is further

**ORDERED:** The Debtor's case is dismissed with prejudice with a two-year bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code from the date of the entry of this Order; and it is further

**ORDERED:** All other pending motions are moot due to the dismissal of this case; and it is further

**ORDERED**: At or before 4:00 p.m. on December 19, 2019, the Clerk's Office shall serve this Order upon the Debtor via Certified Mail, return receipt requested, at the address listed on the Debtor's Chapter 13 petition.

Dated at Bridgeport, Connecticut this 18th day of December, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut